## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JEAN HILL,

      Plaintiff,

vs.                                                Case No. 1:20-cv-00149 SWS/MLC

ASPEN CONTRACTING, INC.,

      Defendant.

## DEFENDANT ASPEN CONTRACTING, INC.'S
## ANSWER AND DEFENSES TO PLAINTIFF JEAN HILL'S COMPLAINT

Defendant Aspen Contracting, Inc. ("Aspen") states and alleges the following for its Answer and Defenses to Plaintiff Jean Hill's Complaint:

### I.    PARTIES, JURISDICTION AND VENUE

1. Aspen admits that the Complaint purports to allege claims under New Mexico law, denies that Hill has asserted a claim under the New Mexico Constitution, denies any liability to Hill as set forth more specifically herein, denies that Hill is entitled to injunctive relief and denies all remaining allegations of paragraph 1 of the Complaint.

2. Aspen is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3. Aspen admits the allegations in paragraph 3 of the Complaint.

4. Aspen admits that this Court has jurisdiction over this matter and the parties.

5. Aspen admits that venue is proper pursuant to NMSA 1978 § 38-3-1(F). Aspen admits that its principal place of business in New Mexico is in Santa Fe. Aspen denies the remaining allegations in paragraph 5 of the Complaint.

## II.     ALLEGATIONS RELATED TO ALL COUNTS

6.     Aspen denies the allegations in paragraph 6 of the Complaint.

7.     Responding to the allegations in paragraph 7 of the Complaint, Aspen admits that a substantial portion of its residential sales are the result of door-to-door sales, denies the allegations in paragraph 7 as an incomplete recitation of the definition of "door-to-door sales" set forth in NMSA 1978 § 57-12-21, and denies all remaining allegations of paragraph 7 of the Complaint.

8.     Responding to the allegations of paragraph 8 of the Complaint, Defendant admits that Aspen does have members of its sales team conduct door-to-door solicitations of neighborhoods that have been impacted significant weather events and that under certain circumstances it will offer to provide the homeowner with a free, no obligation inspection of the home to determine if the home sustained damages as a result of the weather event. Aspen denies all remaining allegations in paragraph 8 of the Complaint.

9.     Responding to the allegations of paragraph 9 of the Complaint, Aspen admits that in certain circumstances it will assist customers with submitting a claim to the homeowner's insurance carrier and that it may enter into an agreement with the homeowner to perform repairs authorized by the homeowner's insurance company in exchange for the insurance proceeds and the homeowner's deductible. Aspen denies all remaining allegations of paragraph 9 of the Complaint.

10.    Aspen is without sufficient information or knowledge to form a belief as to what Hill means by the terms "Agreement" and "completes" and therefore denies the allegations in paragraph 10 of the Complaint.

11.    Aspen admits that its contract with Hill is attached to the Complaint as Exhibit 1. Aspen denies the remaining allegations of paragraph 11 of the Complaint.

12.    Aspen denies the allegations in paragraph 12 of the Complaint.

### III.   ALLEGED VIOLATIONS OF THE NEW MEXICO UPA

13. Aspen incorporates by reference all admissions, denials, and statements set forth in response to paragraphs 1 through 12 of the Complaint as if fully set forth herein.

14. Aspen denies the allegations in paragraph 14 of the Complaint.

15. Aspen denies the allegations in paragraph 15 of the Complaint.

### COUNT ONE:

16. Aspen incorporates by reference all admissions, denials, and statements set forth in response to paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Aspen denies the allegations in paragraph 17 of the Complaint.

### COUNT TWO:

18. Aspen incorporates by reference all admissions, denials, and statements set forth in response to paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. Aspen denies the allegations in paragraph 19 of the Complaint.

20. Aspen denies the allegations in paragraph 20 of the Complaint.

21. Aspen denies the allegations in paragraph 21 of the Complaint.

22. Aspen denies the allegations in paragraph 22 of the Complaint.

23. Aspen denies the allegations in paragraph 23 of the Complaint.

### NMRA RULE 1-023, CLASS ACTIONS

24. Aspen incorporates by reference all admissions, denials, and statements set forth in response to paragraphs 1 through 23 of the Complaint as if fully set forth herein.

25. Aspen denies the allegations in paragraph 25 of the Complaint.

26. Aspen denies the allegations in paragraph 26 of the Complaint.

27. Aspen denies the allegations in paragraph 27 of the Complaint.

### Definition

28.   Aspen admits that Hill purports to bring this lawsuit pursuant to Rule 23[1] and has purported to define the class as set forth in the Complaint. Aspen denies any remaining allegations in paragraph 28 of the Complaint.

### Numerosity

29.   Aspen admits that Hill has purported to define the "Class" in the Complaint. Aspen denies the remaining allegations in paragraph 29 of the Complaint.

30.   Aspen denies the allegations in paragraph 30 of the Complaint.

31.   Aspen denies that Hill has satisfied the elements required for class certification pursuant to Fed. R. Civ. P. 23 and denies all remaining allegations in paragraph 31 of the Complaint.

### Commonality

32.   Aspen denies the allegations in paragraph 32 of the Complaint.

    (a)   Aspen denies the allegations in paragraph 32(a) of the Complaint.

    (b)   Aspen denies the allegations in paragraph 32(b) of the Complaint.

    (c)   Aspen denies the allegations in paragraph 32(c) of the Complaint.

    (d)   Aspen denies the allegations in paragraph 32(d) of the Complaint.

33.   Aspen denies the allegations in paragraph 33 of the Complaint.

34.   Aspen denies the allegations in paragraph 34 of the Complaint.

35.   Aspen denies the allegations in paragraph 35 of the Complaint.

36.   Aspen denies the allegations in paragraph 36 of the Complaint.

---

[1] Hill's state court lawsuit was removed to this Court by Aspen on February 21, 2020. As such, Aspen's Answer refers to Fed. R. Civ. P. 23, which governs class actions, rather than Rule 1-023 of the New Mexico Rules of Civil Procedure.

### Typicality

37. Aspen denies the allegations in paragraph 37 of the Complaint.

38. Aspen denies the allegations in paragraph 38 of the Complaint.

39. Aspen denies the allegations in paragraph 39 of the Complaint.

40. Aspen denies the allegations in paragraph 40 of the Complaint.

41. Aspen denies the allegations in paragraph 41 of the Complaint.

### Adequacy of Representation

42. Aspen denies the allegations in paragraph 42 of the Complaint.

43. Aspen is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and therefore denies the same.

### Predominance and Superiority

44. Aspen denies the allegations in paragraph 44 of the Complaint.

45. Aspen denies that Hill and/or the purported Class suffered any damages and specifically denies any remaining allegations in paragraph 45 of the Complaint.

46. Aspen denies the allegations in paragraph 46 of the Complaint.

47. Aspen denies the allegations in paragraph 47 of the Complaint.

48. Aspen denies all allegations in the Complaint that were not specifically admitted in this Answer.

WHEREFORE, Defendant Aspen Contracting, Inc. respectfully requests that this Court dismiss Plaintiff Jean Hill's Complaint; that Aspen be awarded its costs and attorneys' fees in defending this action; and for such other, further, and different relief as this Court deems just and equitable.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering, Aspen asserts the following affirmative and other defenses:

49. Hill's Complaint fails to state a claim for which relief can be granted.

50. This lawsuit is not a proper class action pursuant to either Fed. R. Civ. P. 23.

51. The events described by Hill either did not occur, or did not occur as she has alleged in her Complaint.

52. Hill and the putative Class members are not similarly situated in relevant respects so as to allow for the joinder of claims in a class action.

53. Hill's claims are barred by the doctrine of unclean hands.

54. Hill's claims are barred, in whole or in part, because Hill failed to mitigate any alleged damages.

55. Hill's claim is barred, in whole or in part, as contrary to the interest of public policy, abusive and lacking in consumer benefit and that upon information and belief that neither Hill nor any member of the proposed putative class has suffered any actual damages.

56. Hill cannot meet the requirements of Fed. R. Civ. P. 23 to serve as a class representative or to develop a class-action.

57. Upon information and belief Hill is not an adequate representative of, nor are her claims typical of, claims of the class she purports to represent.

58. Common issues of fact do not predominate over individual issues of fact, thus, class action is not the superior method to resolve this dispute.

59. Hill lacks standing to pursue the action either individually or on behalf of the putative class because she has not sustained any actual harm as a result of the allegations set forth in the Complaint.

60. Aspen reserves the right to include and add additional defenses to its Answer, as well as to amend the defenses asserted as discovery and the evidence allow.

WHEREFORE, Defendant Aspen Contracting, Inc. respectfully requests that the Court dismiss Plaintiff Jean Hill's Complaint with prejudice, that Aspen be awarded its costs and attorney's fees as allowed by law, and that Aspen be awarded such further and different relief as the Court deems just and equitable.

> MODRALL, SPERLING, ROEHL, HARRIS
>     & SISK, P.A.
>
> By: */s/ Alex Walker*
>     Timothy C. Holm (tholm@modrall.com)
>     Alex C. Walker (awalker@modrall.com)
>     Post Office Box 2168
>     Albuquerque, New Mexico 87103-2168
>     Telephone: 505.848.1800
>
>     J. Daniel Weidner
>     KOLEY JESSEN PC, L.L.O.
>     1125 South 103rd Street, Suite 800
>     Omaha, NE 68124
>     Telephone: 402.390.9500
>     daniel.weidner@koleyjessen.com
>
>     *Attorneys for Aspen Contracting, Inc.*

WE HEREBY CERTIFY that on this 27th day of February, 2020, we filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected in the Notice of Electronic Filing.

MODRALL, SPERLING, ROEHL, HARRIS
    & SISK, P.A.

By:    */s/ Alex Walker*
    Alex C. Walker

*W3696836.DOCX*